UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

NANCY E. L.,                                                    Case No. 6:20-cv-01928-AC

               Plaintiff,                            OPINION AND ORDER

     v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

               Defendant.

_____

ACOSTA, Magistrate Judge:

Plaintiff Nancy E. L.[1] ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security denying her application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-403.  This court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c).  All parties have consented to allow a

---

[1]  In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.  Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Magistrate Judge to enter final orders and judgment in this case in accordance with 28 U.S.C. § 636(c).  The only issue in dispute on appeal is whether the court should remand this case for further proceedings or an award of benefits.   For the following reasons, the court grants in part the Commissioner's motion to remand (ECF No. 11), and remands this case not for further proceedings but for an award of benefits.

*Procedural Background*

On October 25, 2016, Plaintiff filed an application for a period of disability and disability benefits, alleging disability beginning March 25, 2013, due to post-traumatic stress disorder ("PTSD") with associated anxiety and depression; a history of child sexual abuse; complicated bereavement; and insomnia.   Tr. Soc. Sec. Admin. R. ("Tr.") 117, ECF No. 7.   Plaintiff's claims were denied initially and upon reconsideration.   Plaintiff filed a request for a hearing before an administrative law judge ("ALJ").   The ALJ held a hearing on April 17, 2019, at which Plaintiff appeared with her attorney and testified.   A vocational expert, Malcolm J. Brodzinsky, also appeared and testified at the hearing.   On June 5, 2019, the ALJ issued an unfavorable decision. The Appeals Council denied Plaintiff's request for review, and therefore, the ALJ's decision became the final decision of the Commissioner for purposes of review.   Tr. 1.

Plaintiff was born in 1960, was fifty-two years old on the alleged onset date, and fifty-eight on the date of the ALJ's decision.   Tr. 35.   Plaintiff has a college degree and completed some graduate work.   Tr. 51.   Plaintiff has past relevant work as an executive recruiter.   Tr. 89.

\ \ \ \ \

\ \ \ \ \

*The ALJ's Decision*

The ALJ determined that Plaintiff meets the insured status requirements through December 31, 2018, and that she has not engaged in substantial gainful activity ("SGA") from her alleged onset date of March 25, 2013 through her date last insured of December 31, 2018.   Tr. 18.   At step two, the ALJ determined that Plaintiff has the following severe impairments:   post-traumatic stress disorder ("PTSD") and obsessive-compulsive disorder ("OCD").   Tr. 18.   At step three, the ALJ determined that Plaintiff's severe impairments did not meet or equal any listed impairment.   Tr. 19-21.   Reviewing all the evidence in the record, the ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following additional limitations:   "she can perform work that is considered very simple and routine in nature, equivalent to unskilled work, with a maximum specific vocational preparation ("SVP") of two; and there should be no regular interaction with the general public in terms of the primary duties (incidental or superficial engagement is not precluded)."   Tr. 21.

At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work. Tr. 35.   At step five, the ALJ found that Plaintiff jobs existed in significant numbers in the national economy that Plaintiff could perform, including such representative occupations as:   hand packager, kitchen helper, and merchandise marker.   Tr. 36.   Therefore, the ALJ found that Plaintiff was not disabled from March 25, 2013 through December 31, 2018 and denied Plaintiff's application for disability benefits.   Tr. 36.

*Standard of Review*

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record.   42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).   Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal

quotation and citation omitted); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020); *Garrison v.*

*Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014).   To determine whether substantial evidence exists,

the court must weigh all the evidence, whether it supports or detracts from the Commissioner's

decision.   *Trevizo*, 871 F.3d at 675; *Garrison*, 759 F.3d at 1009.   "'If the evidence can reasonably

support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for

that of the Commissioner."   *Gutierrez v. Comm'r Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir.

2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

### *Issue on Review*

Whether the court should remand for further proceedings or for an award of benefits.

### *Discussion*

I.    <u>Applicable Law</u>

The decision whether to remand for further proceedings or for the immediate payment of

benefits lies within the discretion of the court.   *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d

1090, 1101-02 (9th Cir. 2014).   First, the ALJ must "fail[ ] to provide legally sufficient reasons

for rejecting evidence, whether claimant testimony or medical opinion[.]"   *Garrison*, 759 F.3d at

1020.   Second, the record must be "fully developed and further administrative proceedings would

serve no useful purpose," *id.*, such that the record is "free from conflicts and ambiguities, and all

essential factual issues have been resolved."   *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir.

2015) (internal quotation marks omitted).   Third, "if the improperly discredited evidence were

credited as true, the ALJ would be required to find the claimant disabled on remand."   *Garrison*,

759 F.3d at 1020 (footnote and citations omitted).    Even when the credit-as-true standard is met,

the district court retains the "flexibility to remand for further proceedings when the record as a

Page 4  – OPINION AND ORDER

whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."  *Id.* at 1021.

II.    Analysis

Plaintiff argues that the ALJ erred by (1) failing to appropriately consider her subjective symptom testimony; (2) failing to include any exertional or physical limitations based on her previous workers compensation injury that resulted in a permanent partial disability settlement; (3) failing to provide legally sufficient reasons to reject the medical opinion of Gerald P. Keane, M.D.; and (4) failing to include all the credited limitations described by Johnathan Brandon, Ph.D., and F. Mateus, M.D., into the RFC and hypothetical question posed to the VE.   The Commissioner concedes that the ALJ erred, and that remand is necessary.   Specifically, the Commissioner acknowledges that the ALJ failed to provide legally sufficient reasons for rejecting Dr. Brandon's and Dr. Mateus's opinions that Plaintiff is limited to performing "simple, repetitive tasks consisting of 1-2 step commands in a low production work setting with reduced social interaction." Tr. 106-07, 127.   The Commissioner also acknowledges that the ALJ erred in failing to discuss Dr. Keane's opinion, which undermines the ALJ's step two finding that Plaintiff had no medically determinable physical impairments.    Tr. 2392-93.    Additionally, the Commissioner acknowledges that the ALJ erred by failing to provide legally sufficient reasons for discounting Plaintiff's subject symptom testimony.   Therefore, Plaintiff has satisfied the first prong of the credit-as-true test.

Concerning the second prong, the Commissioner argues that remanding for benefits is unwarranted because there remain unresolved issues requiring further development of the record. The parties agree that a limitation to one- to two-step tasks is inconsistent with an ability to perform work with a reasoning level of two.  *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002-03

(9th Cir. 2015) (holding there is a conflict between limitation of one- and two-step tasks and level two reasoning); *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015) (finding conflict between RFC to perform simple, repetitive tasks and demands of level three reasoning); *see also Bowman v. Colvin*, 228 F. Supp. 3d. 1121, 1139-40 (D. Or. 2017) (noting courts within this district recognize that "a job's simplicity level is better addressed by its GED (reasoning level) ratings, rather than by its SVP rating") (internal quotation and citation omitted).  The Commissioner acknowledges that the jobs identified by the VE (hand packager, kitchen helper, and merchandise marker) all require reasoning level two, are inconsistent with Drs. Brandon and Mateus's opinions, and that the ALJ's step-five findings are wholly unsupported.  Tr. 36.  However, the Commissioner argues that the record is not fully developed and that elimination of the jobs identified by the VE does not mean Plaintiff is unable to perform all work, and that the case should be remanded for the ALJ to clarify numerous inconsistencies in the record, including the ALJ's evaluation of the medical evidence and Plaintiff's subjective symptom testimony.

Plaintiff argues that an award for immediate payment of benefits is required because if Dr. Keane's opinion and her own testimony are properly credited, she is limited to sedentary work and is presumptively disabled under Medical-Vocation Rule 201.14 as of her alleged onset date, or under Medical-Vocational Rule 202.06 as of her fifty-fifth birthday in 2015 if she is limited to light work.  Pl.'s Opening Br. at 23-24, ECF No. 8; *see* 20 C.F.R. Pt. 404, Subpt P. App. 2, §§ 201.14, 202.06, Tables 1-2 (commonly referred to as "the Grids").  The Medical-Vocational Rules direct a finding of disability where a claimant is limited to light or sedentary work, is of advanced age (age fifty-five and older), has a high school education or greater, whose past work was skilled or semi-skilled, and does not have transferable skills.  *Id.* §§ 201.14, 202.06.

The parties agree the ALJ erred by failing to evaluate Dr. Keane's opinion.  Plaintiff suffered an on-the-job injury to her right shoulder and upper back in January 1999, her injury was deemed permanent and stationary in August 2000, and she reached a settlement to close her workers compensation injury in December 2000.   Tr. 2388-91.   After the hearing, Plaintiff submitted records from her workers compensation file, which the ALJ accepted as exhibits.   Tr. 42.   These records included Dr. Keane's "Treating Physical Final Report" in which he discussed that Plaintiff's cervical spine x-rays, which showed significant disc space narrowing at C4-5 with foraminal stenosis.   Tr. 2393.   Additionally, Dr. Keane opined that Plaintiff is precluded from "heavy lifting and repetitive bending and stooping."   Tr. 2394.   The ALJ failed to discuss Dr. Keane's opinion at all and erroneously determined that Plaintiff has no physical limitations at step two.

The parties also agree that the ALJ erred in evaluating Plaintiff's subjective symptom testimony.   Plaintiff testified at hearing that she is unable to lift more than twenty pounds for up to one-third of an eight-hour day, and that she limits lifting to avoid re-injuring her neck.   Tr. 78.   Plaintiff maintains that when her testimony and Dr. Keane's opinion are credited, it establishes that she is limited to sedentary work and is disabled as of her alleged onset date, or light work as of her fifty-fifth birthday in 2015.   The Commissioner argues that conflicts in record require resolution before a disability determination can be made.   The Commissioner argues that Dr. Keane's opinion has uncertain vocational implications because his opinion is remote in time and Plaintiff testified that she has not obtained any medical treatment for her physical impairments in the previous five years.   Tr. 18.   Conversely, Plaintiff argues that Dr. Keane's opinion concerning her physical limitations is uncontradicted, and that the Commissioner fails to identify any conflicts between Plaintiff's testimony and her physical abilities, and thus no ambiguities remain.

Carefully reviewing the record here, the Commissioner points to no evidence in the record which contradicts Plaintiff's testimony that she is unable to lift or carry twenty pounds for one-third a workday.    Although Plaintiff engages in regular household chores, she specifically testified that she is careful when lifting, and that her groceries do not weigh more than five-to-seven pounds. Tr. 78.    Further, Plaintiff's past relevant work as an executive recruiter was classified as sedentary, and she testified at the hearing that she has not performed work that requires her to be on her feet for more than six hours during the day.    Tr. 77, 89.    The Commissioner contends that Plaintiff's ability to engage in basic household activities, meet with friends, walk daily, and run errands contradicts her allegations of disability, and points to lay testimony from Plaintiff's friend which failed to disclose any physical limitations, thereby creating a conflict in the evidentiary record that must be resolved prior to a disability determination.    Tr. 22, 333.    The court is unconvinced that this piece of lay testimony and lack of other medical evidence concerning her physical limitations requires remand for further proceedings, because when Plaintiff's testimony concerning her mental health impairments is properly credited, the ALJ would be required to find her disabled.

The Commissioner also argues that Plaintiff is not as limited as she alleges because she is able to engage in a number of daily activities, including preparing meals, grocery shopping, driving, emailing and texting with friends, going on walks, and watching television.    Def.'s Br. at 9, ECF No. 11.    However, Plaintiff's testimony about her activities – such as performing limited personal care, shopping for and preparing simple meals, doing minimal household chores – does not inherently contradict her testimony that she has difficulty focusing for longer than ten minutes, is easily distracted, and is easily overwhelmed and anxious.    Tr. 79-80, 297-305; *see Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) (holding claimant's daily activities, including

completing basic chores, sometimes with the help of a friend and attending occasional social events did not contradict testimony); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a Plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (citation omitted). Here, Plaintiff's testimony and reports show she performs the bare minimum of household chores, she bathes only once a week, and prepares simple, microwaveable meals. Tr. 297-305.

The ALJ erroneously rejected Plaintiff's symptom testimony because it was not adequately supported by objective medical evidence, and repeatedly noted that Plaintiff had "normal mental examinations" and was "pleasant in attitude," "highly intelligent and articulate," "well-groomed," and "cooperative." Tr. 25-26. The Ninth Circuit has rejected reliance on similar observations in the context of evaluating mental health impairments. *See Ghanim*, 763 F.3d at 1164 (rejecting ALJ's reliance on the claimant's "good eye contact, organized and logical thought content, and focused attention" because "[t]hese observations of cognitive functioning during therapy sessions [did] not contradict [the claimant's] reported symptoms of depression and social anxiety"). Moreover, the ALJ's observations are not supported by substantial evidence when viewing the record as a whole because they fail to account for Plaintiff's repeated reports of severe depression, severe levels of distress, obsessive behavior, and nightmares. *See Richard R. v. Comm'r Soc. Sec. Admin.*, Case No. 3:19-cv-00918-MK, 2020 WL 4193114, at *4 (D. Or. July 21, 2020) ("[E]specially in the mental health context, an ALJ may not cherry-pick isolated instances of favorable psychological symptoms when the record as a whole reflects longstanding psychological disability.")

Page 9  – OPINION AND ORDER

Remarkably, the ALJ appeared to discount medical evidence supporting Plaintiff's allegations because she was not taking antidepressants, had no psychiatric hospitalizations, and had no emergency room visits. Tr. 28. This finding is completely undermined by one of Plaintiff's treating psychiatrists who opined that it was reasonable for her to avoid antidepressants due to her risk of hypomania or frank mania given her immediate family history of bipolar disorder. Tr. 380, 466-78. Moreover, the fact that Plaintiff was not hospitalized for her mental health impairments does not cast doubt on her symptom testimony. *See Smith v. Saul*, 820 F. App'x 582, 585 (9th Cir. 2020) (stating ALJ erred in rejecting claimant's symptom testimony because she was not psychiatrically hospitalized); *Aaron S. v. Kijakazi*, 3:20-cv-768-SI, 2021 WL 3373791, at * 6 (D. Or. Aug. 3, 2021) ("The fact that Plaintiff never entered a psychiatric hospital or outpatient clinic, however, does not mean that Plaintiff never experienced disabling mental health issues.").

The court concludes that the second criteria is satisfied because when Plaintiff's testimony is credited, the record establishes that she is disabled. The VE testified that if she were to be absent or miss work whole or partial days, at least twenty percent of the time, competitive employment would be precluded. Tr. 91; *Shannon B. v. Comm'r Soc. Sec. Admin.*, Case No. 6:19-cv-00843-AC, 2020 WL 7181585, at *13 (D. Or. Dec. 7, 2020) (remanding for benefits where VE testified that being off-task more than ten percent or absent more than once per month precludes competitive employment); *Richard R.*, 2020 WL 4193114, at *11 (stating that VE testimony that claimant would be absent two to three times a month from thirty minutes to two hours cannot maintain competitive employment).

The court rejects the Commissioner's suggestion that remand for further proceedings is necessary to resolve conflicts between Plaintiff's testimony and that of reviewing agency physicians, Drs. Brandon and Mateus, who opined that Plaintiff had difficulty concentrating for

difficult tasks but could perform simple one- to two-step tasks.  The ALJ's evaluation of the medical evidence in this case is wholly unsupported by substantial evidence and fails to appropriately consider the nature of Plaintiff's mental health impairments.  The ALJ's decision appears to discount every mental health provider who actually treated Plaintiff, instead favoring the opinions of agency physicians.  Courts in this district have declined to remand for additional proceedings in such situations.  *See Richard R.*, 2020 WL 4193114, at *11 (remanding for award of benefits where the only opinion evidence given weight by the ALJ was that of agency physicians); *Wesman v. Berryhill*, No. 6:16-cv-01222-JR, 2018 WL 1249921, at *11 (D. Or. Feb. 21, 2018) ("Indeed, the only physicians of record who opined plaintiff was capable of full-time employment never treated or examined him."), *adopted sub nom.*, 2018 WL 1247866 (D. Or. Mar. 9, 2018); *Moody v. Berryhill*, No. 6:16-cv-0843-JE, 2017 WL 4740792, at *9 (D. Or. Oct. 11, 2017) ("the medical evidence of record – except for a single consultative examiner's opinion – is fully consistent with Plaintiff's testimony and claim").

\ \ \ \ \

Finally, the court concludes that Plaintiff has satisfied third credit-as-true criteria.  Having carefully considered the record as a whole, the court concludes that there is no reason for serious doubt as to whether Plaintiff is disabled.  *Garrison*, 759 F.3d at 1020-21.  Accordingly, the court exercises its discretion and credits the erroneously discredited evidence as true and remands this case for an immediate calculation and payment of benefits.

*Conclusion*

Based on the foregoing, the Commissioner's motion for remand (ECF No. 11) is GRANTED IN PART, and the Commissioner's final decision is reversed and the case remanded for an immediate calculation and award of benefits.

IT IS SO ORDERED.

DATED this 4th day of February, 2022.

JOHN V. ACOSTA
United States Magistrate Judge

Page 12  – OPINION AND ORDER